FILED IN OPEN COURT
U.S.D.C. Atlanta

MAR 2 8 2017

James N. Hatten, Clerk
By: Deputy Clerk


ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Criminal Indictment |
| MICHAEL ASUMDA, THADDEUS UGHA, GEORGE HAYFORD, AND PINO UDE | No. **1   17-CR-118** |

THE GRAND JURY CHARGES THAT:

### Count One
Conspiracy
(18 U.S.C. § 1349)

1. Beginning in or about 2004, and continuing to in or about at least 2012, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the defendants, MICHAEL ASUMDA, THADDEUS UGHA, GEORGE HAYFORD, AND PINO UDE (the "conspirators"), did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other and with others, both known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud financial institutions, which were then insured by the Federal Deposit Insurance Corporation, and to obtain money and property under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, and by the omission of material facts, in violation of Title 18, United States Code, Section 1344.

## Background

2. Liberty Funding & Investments, Inc. is a Georgia company owned by MICHAEL ASUMDA that was used in furtherance of the conspiracy.

3. Atlantic Property Development Corp. was a Georgia company owned by THADDEUS UGHA that was used in furtherance of the conspiracy.

4. Bond Street Mortgage, LLC, was a Georgia company owned by PINO UDE that was used in furtherance of the conspiracy.

## Manner and Means

It was part of the conspiracy that:

5. The conspirators recruited individuals or used members of the conspiracy to purchase certain residential properties located in the Northern District of Georgia (hereinafter, the "Straw Buyers").

6. Shortly after arranging for the Straw Buyers to purchase the subject properties, the conspirators recruited additional individuals, or used other individuals' identities (hereinafter, the "Flip Straw Buyers"), to purchase the subject residential properties from the initial Straw Buyers at inflated prices.

7. The conspirators submitted and caused to be submitted mortgage loan applications in the names of the Flip Straw Buyers. The conspirators also prepared, submitted and caused to be submitted documents containing false loan qualifying information concerning the Flip Straw Buyers to financial institutions to obtain mortgage loans in the names of the Flip Straw Buyers. The false qualifying loan information included, but was not limited to: employment verification, income, assets, and source of down payments.

2

8. The conspirators falsely represented and caused others to falsely represent to financial institutions that the Flip Straw Buyers had paid earnest money or a down payment to the sellers, when in fact they had not. The conspirators falsely represented and caused others to falsely represent to financial institutions that the Flip Straw Buyers had provided additional funds to close on the property at the time of closing. In fact, such funds were actually paid by members of the conspiracy.

9. Without the knowledge of the financial institutions, the conspirators distributed loan proceeds from the mortgage loans to the Straw Buyers, the Flip Straw Buyers, and themselves for their participation in the fraudulent transactions.

All in violation of Title 18, United States Code, Section 1349.

## Counts Two Through Nine
### Bank Fraud
### (18 U.S.C. §§ 1344 and 2)

10. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 9 as if fully set forth herein.

11. On or about the dates set forth in Column B, in the Northern District of Georgia, the defendants set forth in Column C, aided and abetted by each other and others known and unknown, did knowingly execute and attempt to execute a scheme and artifice to defraud the financial institutions set forth in Column D, and to obtain money and property under the custody and control of those financial institutions, by making materially false and fraudulent pretenses,

3

representations and promises, and by the omission of material facts, in the course of securing mortgage loans for the properties set forth in Column E:

| A | B | C | D | E |
|---|---|---|---|---|
| Count | Date | Defendants | Financial Institution | Property (in Atlanta, GA 30315) |
| 2 | 08/14/2007 | ASUMDA UGHA HAYFORD UDE | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 731 Formwalt St., SW |
| 3 | 09/10/2007 | ASUMDA UGHA UDE | JP Morgan Chase Bank, NA | 68 Vanira Ave., SE |
| 4 | 04/21/2008 | ASUMDA UGHA HAYFORD UDE | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 65 Little St., SE |
| 5 | 08/07/2008 | ASUMDA UGHA | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 32 Weyman Ave., SW |
| 6 | 09/03/2008 | ASUMDA UGHA | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 1061 Hank Aaron Dr., SW |
| 7 | 09/29/2008 | ASUMDA UGHA UDE | American Partners Bank | 861 Fraser St., SE |
| 8 | 12/04/2008 | ASUMDA UGHA HAYFORD | Countrywide Bank | 94 Vanira Ave., SE |
| 9 | 03/02/2010 | ASUMDA UGHA | Florida Capital Bank, N.A. | 1020 Hank Aaron Dr., SE |

4

All in violation of Title 18, United States Code, Sections 1344 and 2.

**Counts Ten Through Seventeen**
False Statement to a Federally Insured Institution
(18 U.S.C. §§ 1014 and 2)

12. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 9 as if fully set forth herein.

13. On or about the dates set forth below in Column B, in the Northern District of Georgia, the defendants set forth in Column C, aided and abetted by each other and others known and unknown, knowingly prepared and submitted, and caused to be prepared and submitted, documents that contained material false statements and reports for the purpose of influencing the actions of the financial institutions set forth in Column D in connection with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment and loan for the properties set forth in Column E, that is, false statements and representations concerning the borrower's qualifications, including but not limited to the borrower's income, employment and assets:

| A | B | C | D | E |
|---|---|---|---|---|
| Count | Date(s) | Defendants | Financial Institution | Property (in Atlanta, GA 30315) |
| 10 | 08/14/2007 | ASUMDA UGHA HAYFORD UDE | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 731 Formwalt St., SW |
| 11 | 09/10/2007 | ASUMDA UGHA UDE | JP Morgan Chase Bank, NA | 68 Vanira Ave., SE |

| A | B | C | D | E |
|---|---|---|---|---|
| Count | Date(s) | Defendants | Financial Institution | Property (in Atlanta, GA 30315) |
| 12 | 04/21/2008 | ASUMDA UGHA HAYFORD UDE | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 65 Little St., SE |
| 13 | 08/07/2008 | ASUMDA UGHA | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 32 Weyman Ave., SW |
| 14 | 09/03/2008 | ASUMDA UGHA | CitiMortgage, Inc., a subsidiary of CitiBank, NA | 1061 Hank Aaron Dr., SW |
| 15 | 09/29/2008 | ASUMDA UGHA UDE | American Partners Bank | 861 Fraser St., SE |
| 16 | 12/04/2008 | ASUMDA UGHA HAYFORD | Countrywide Bank | 94 Vanira Ave., SE |
| 17 | 03/02/2010 | ASUMDA UGHA | Florida Capital Bank, NA | 1020 Hank Aaron Dr., SE |

All in violation of Title 18, United States Code, Sections 1014 and 2.

6

## FORFEITURE PROVISION

Upon conviction of one or more of the offenses alleged in Counts One through Seventeen of this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to such violations, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, pursuant to Title 18, United States Code, Section 982(a)(2)(A), including but not limited to a money judgment in the amount of the proceeds of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A _____ True _____ BILL

_____ Donna Kub _____
FOREPERSON

JOHN A. HORN
  *United States Attorney*

Steven D. Grimberg
  *Assistant United States Attorney*
  Georgia Bar No. 312144

600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

8